IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY WOODS, Individually and as a representative of the class, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 4:15-cv-00535-SRB |
| CAREMARK PHC, L.L.C. d/b/a CVS CAREMARK CORPORATION | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Caremark PHC, L.L.C. d/b/a CVS Caremark Corporation's ("Caremark") Motion to Dismiss or, in the Alternative, to Stay Case. (Doc. #20). For the reasons stated herein, the motion is DENIED.

**I.     BACKGROUND**

On June 4, 2015, Plaintiff Timothy Woods filed this action in the Circuit Court of Jackson County, Missouri. On July 15, 2015, Defendant Caremark removed this case to the United States District Court for the Western District of Missouri. On September 3, 2015, Plaintiff Woods filed his amended complaint. Caremark moved to dismiss, or in the alternative, to stay this case on September 21, 2015.

**II.    LEGAL AUTHORITY**

Defendant brings its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). "In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted). "The

1

standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1)." Swish v. Nixon, No. 4:14-CV-2089-CAS, 2015 WL 867650, at *2 (E.D. Mo. Feb. 27, 2015) (citation omitted).

In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Ash v. Anderson Merchs., LLC, No. 14–3258, 2015 WL 4978701, at *1 (8th Cir. 2015).

The court "must take all factual allegations [made by the plaintiff] as true when considering a motion to dismiss." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007); Data Mfg., Inc. v. United Parcel Service, Inc., 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, factual allegations which represent "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 677 (2009)) (internal citations omitted). The pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted). The "evaluation of a complaint upon a motion to dismiss is a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." Braden, 588 F.3d at 594 (internal citations omitted). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594; see also Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893 n. 4 (8th Cir. 2010) (noting the court's task "is to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation").

## III. DISCUSSION

By his amended complaint, Plaintiff brings a putative class action under the Fair Credit Reporting Act ("FCRA") alleging Defendant willfully violated the FCRA's stand-alone disclosure requirement, 15 U.S.C. § 1681b(b)(2). In its motion to dismiss, Defendant argues, "Caremark's interpretation—that providing [Plaintiff] with the Authorization for Consumer Reports document satisfied its disclosure obligation—is not objectively unreasonable as a matter of law." (Doc. #21, p.10). Plaintiff asserts the amended complaint satisfies the pleading standard because it alleges Defendant knowingly violated the law.

The FCRA imposes civil liability upon "[a]ny person who willfully fails to comply with any requirement imposed" under the FCRA. 15 U.S.C. § 1681(n). "In order for an FCRA violation to be willful, a defendant must either knowingly or recklessly violate the law." Johnson v. Casey's Gen. Stores, Inc., No. 6:15-CV-30860-MDH, 2015 WL 4542143, at *3 (W.D. Mo. July 27, 2015) (citing Miller v. Quest Diagnostics, 85 F.Supp.3d 1058, 2015 WL 545506 (W.D.Mo. Jan. 28, 2015)). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. "Plaintiff must adequately allege

3

Defendant's willfulness in the complaint if Plaintiff is to sustain their cause of action." Id. "[A]ssertions that [Defendant] was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal." Id.

Plaintiff supports his FCRA claim with allegations that Defendant's "Authorization Form For Consumer Reports contains extraneous information that violates the FCRA's stand-alone disclosure requirement." (Doc. #19, ¶25). Plaintiff further alleges, "Defendant knew that it had an obligation to provide a stand-alone disclosure, and that it was not doing so." (Doc. #19, ¶59). The specific "extraneous information" Plaintiff alleges Defendant included in its Authorization Form for Consumer Reports is: 1) an overbroad authorization for third parties to provide information to Defendant and its consumer reporting agency, 2) state-specific notices that did not apply to Plaintiff, and 3) that the form was "part of a five-page stapled packet of three documents." (Doc. #19, ¶47).

Where FCRA allegations involve the inclusion of extraneous information beyond an authorization, the complaint meets the 12(b)(6) standard to state a claim for a willful violation of the FCRA stand-alone requirement. See, e.g., Miller, 2015 WL 545506, at *3 (W.D.Mo. Jan. 28, 2015) (finding Plaintiffs' complaint sufficient to state a claim at the motion to dismiss stage where "Plaintiffs allege that Defendant's inclusion of the state-mandated consumer report information, administrative sections, and release language in the disclosure violates 15 U.S.C.§ 1681b(b)(2)"); see Johnson, 2015 WL 4542143, at *3 (finding Plaintiff sufficiently alleged a willful violation of the FCRA, and denying Defendant's motion to dismiss, where "Plaintiff alleges [Defendant] certified compliance with the stand-alone disclosure requirement, knowingly violated that requirement and acted in willful violation of the FCRA"); see also, Rawlings v. ADS Alliance Data Sys., Inc., No. 2:15-CV-04051-NKL, 2015 WL 3866885, at *6 (W.D. Mo.

4

June 23, 2015) (finding Plaintiff's complaint sufficient to state a claim in part because Defendant's disclosure included state specific consumer protection information irrelevant to Plaintiff). In this context, and at the motion to dismiss stage, the Court finds Plaintiff's complaint sufficient to state a claim that Defendant Caremark violated the FCRA's stand-alone disclosure requirement. Thus, Defendant's motion to dismiss is denied.

Defendant argues that even if Plaintiff states a plausible claim, Plaintiff does not have standing, and the amended complaint should be dismissed under Fed. R. Civ. P. 12(b)(1). Defendant contends that a statutory violation alone does not confer standing on the Plaintiff, despite admitting that the Eighth Circuit's decision in Hammer v. Sam's East, Inc. et al., 754 F.3d 492 (8th Cir. 2014), may proscribe dismissal. (Doc. #21, p.2). Defendant states that a pending Supreme Court case, Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (2015), will likely abrogate Hammer, and asks the Court to stay this case awaiting Spokeo's outcome. Plaintiff argues that he has standing, and nevertheless, that Spokeo's decision will not be determinative in this case.

"A district court has the inherent power to stay its proceedings." Johnson v. KFC Corp., No. 07-0416-CV-W-HFS, 2007 WL 3376750, at *2 (W.D. Mo. Nov. 7, 2007). "In considering a motion for stay, a court should consider the interest of judicial economy and efficiency, and the potential prejudice or hardship to the parties." Id. "Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward." Jones v. Clinton, 72 F.3d 1354, 1364 (8th Cir. 1996).

Although the Court recognizes that Spokeo *might* impact this case, Eighth Circuit precedent presently provides Plaintiff has standing to bring this claim. See Hammer, 754 F.3d at 498–501 (finding that a plaintiff suing for statutory damages under the FCRA has Article III

standing, even in the absence of a claim for actual damages). While some courts outside this jurisdiction have stayed cases pending the Supreme Court's decision in Spokeo, this Court is compelled to follow current precedent in light of the Eighth Circuit's recent decision in Golan v. Veritas Entm't, LLC, 788 F.ed 814, 819 (8th Cir. 2015), which reaffirmed Hammer even after certiorari was granted in Spokeo. Given this Circuit's clear directive in Hammer and Golan, and after consideration of the relevant factors, the Court exercises its discretion to deny Defendant's motion to stay this case.

**IV.    CONCLUSION**

Accordingly, it is hereby

**ORDERED** Defendant Caremark's Motion to Dismiss or, in the Alternative, to Stay Case (Doc. #20) is DENIED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2015